IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PATRICK SMITH, #207460, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:05-CV-976-T |
| | ) | |
| GWENDOLYN C. MOSLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## SPECIAL REPORT AND ANSWER

COME NOW the Defendants, Gwendolyn Mosley, Sharon Blakely, Kenneth Sconyers and Wayne Rodgers, by and through the undersigned counsel in the above-styled action, and file their Special Report and Answer pursuant to the January 5, 2006 Order of this Honorable Court. The Defendants state as follow:

### PLAINTIFF'S ALLEGATIONS

The Plaintiff alleges that the Defendants tampered with his "certified letter and legal mail". The Plaintiff alleges that the Defendants were "covering up" the fact that they had not mailed the letter.

### DEFENDANTS

1. Gwendolyn Mosley, Warden III
   Easterling Correctional Facility
   200 Wallace Drive
   Clio, AL 36017

2. Sharon Blakeley, Administrative Support Assistant I
   Easterling Correctional Facility
   200 Wallace Drive
   Clio, AL 36017

3. Kenneth Sconyers, Correctional Officer Supervisor II
   Easterling Correctional Facility
   200 Wallace Drive
   Clio, AL 36017

4. Wayne Rodgers, Correctional Officer I
   Easterling Correctional Facility
   200 Wallace Drive
   Clio, AL 36017

## **DEFENSES**

The Defendants assert the following defenses to the Plaintiff's claims:

1. The Defendants deny each and every material allegation contained in the Plaintiff's Complaint and demand strict proof thereof.

2. The Defendants plead not guilty to the charges in the Plaintiff's Complaint.

3. The Plaintiff's complaint fails to state a claim upon which relief can be granted.

4. The Plaintiff is not entitled to any of the relief requested.

5. The Defendants plead the defense of qualified immunity and aver that any purported action taken by any of them was reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by the Plaintiff.

6. The Defendants are entitled to qualified immunity and aver it is clear from the face of the complaint that the Plaintiff has not alleged specific facts indicating that any Defendant violated any clearly established constitutional right.

7. The Defendants cannot be held liable on the basis of *respondeat superior,* agency, or vicarious liability theories.

8. The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

9. The allegations contained in the Plaintiff's Complaint against the Defendants, fails to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. *See Oladeinde v. City of Birmingham,* 963 F. 2d 1481, 1485 (11th Cir. 1992); *Arnold v. Board of Educ. of Escambia County, Ala.,* 880 F. 2d 305, 309 (11th Cir. 1989).

10. The Defendants plead all applicable immunities, including but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

11. The Defendants were at all times acting under the color of state law and therefore, they are each entitled to substantive immunity.

12. The Defendants plead the general defense.

13. This Court lacks subject matter jurisdiction due to the fact that even if the Plaintiff's allegations should be proven, the allegations against these Defendants would amount to mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights.

14. All claims of the Plaintiff against these Defendants in their official capacity are barred by the Eleventh Amendment to the United States Constitution.

15. The Defendants plead the affirmative defense that the Plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render them liable to the Plaintiff.

16. The Defendants plead the affirmative defenses of contributory negligence and assumption of the risk.

17. The Defendants plead the affirmative defense of unclean hands.

18. The Defendants plead the affirmative defense that the Plaintiff has failed to mitigate his own damages.

19. The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. §1997e (a) and as such these claims should be dismissed.

20. The Defendants plead the affirmative defense that they are not guilty of any conduct which would justify the imposition of punitive damages against any of them and that any such award would violate the United States Constitution.

21. Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from the Defendants who are state officers entitled to immunity as provided for in 42 U.S.C. § 1997 (e) (c).

22. The Plaintiff's claims are moot.

23. The Defendants reserve the right to raise additional defenses.

## DISCLOSURES

In accordance with the November 8, 2005 Special Report Order, the Defendants submit the following initial disclosures:

1. Attached affidavits of:

    a.   Gwendolyn Mosley, Warden III

    b.   Kenneth Sconyers, Correctional Officer Supervisor II

    c.    Sharon Blakely, Administrative Support Assistant I (Mail Clerk)

    d.    Wayne Rodger, Correctional Officer I

2. The following persons may have personal knowledge of the facts relevant to the claims asserted by the Plaintiff or the defenses asserted by the Defendants:

    Gwendolyn Mosley, Warden III

    Kenneth Sconyers, Correctional Officer Supervisor II

    Sharon Blakely, Administrative Support Assistant I (Mail Clerk)

    Wayne Rodger, Correctional Officer I

    Plaintiff Patrick Smith

    Thelma Smith

3. Clear and legible copies of the documents relevant to claims or defenses asserted in the action are as follows:

    e.    Inmate Summary Sheet

    f.    Alabama Department of Corrections, Administrative Regulation 448, concerning Inmate Mail

    g.    Alabama Department of Corrections, Inmate Handbook, page 18, "Checking of Mail and Packages"

## STATEMENT OF THE FACTS

The Plaintiff is an inmate within the Alabama Department of Corrections. He is currently confined at the Easterling Correctional Facility in Clio, Alabama. The Plaintiff is serving a 15-year sentence for Possession of a Controlled Substance. (Defendants' Exhibit e – Inmate

Summary Sheet)

On August 30, 2005, Defendant Blakely certified a letter for the Plaintiff, which was addressed to "Thelma Smith, 1469 Rearson Avenue SW, Apt. K, Birmingham, Alabama 35211". Approximately five (5) days later, the Plaintiff informed Defendant Blakely that his letter had not reached it destination. Defendant Blakely informed the Plaintiff to allow fifteen (15) days before making inquiry into the letter. In fifteen (15) days, the Plaintiff inquired again into his letter not being delivered. Approximately three (3) or four (4) days later, the Plaintiff's letter was returned to Easterling Correctional Facility. Defendant Blakely examined the letter since it was not "legal mail". Defendant Blakely called the Plaintiff to the Mail Room and informed him that his letter was returned. The Plaintiff refused to accept his returned letter. (Defendants' Exhibit c – Affidavit of Sharon Blakely).

On or about September 21, 2005, Defendant Blakely took the Plaintiff's returned letter to Defendant Sconyers. Defendant Blakely informed Defendant Sconyers that the letter had been certified, but it had been returned because the intended recipient had not responded to the repeated certified mail notifications. When the letter was returned to Easterling Correctional Facility, Defendant Blakely examined the mail since the mail was not "legal mail". It should be noted that Thelma Smith is listed as a sibling of the Plaintiff in the Plaintiff's Institutional File. Defendant Sconyers then informed the Plaintiff the he had the option to keep the letter, to destroy the letter, or to attempt to mail the letter again. The Plaintiff refused to take custody of the letter and threatened to initiate legal action. (Defendants' Exhibit b – Affidavit of Kenneth Sconyers).

Defendant Rodgers was instructed by Defendant Sconyers to secure the property in the Inmate Property Room. The Plaintiff refused to sign the property sheet or to accept a copy of the

6

property sheet. (Defendants' Exhibit d – Affidavit of Wayne Rodgers). The letter remains in the Inmate Property Room. (Defendants' Exhibit b, attachment 1 – Copy of the Plaintiff's returned letter.)

## ARGUMENT

The courts have continuously recognized that the operation of correctional institutions are, at best, a difficult assignment and that correctional officials must be given broad range in discretion and latitude in which to carry out their duties. *See Hewitt v. Helms*, 459 U.S. 460 (1983). "Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979), *Sims v. Mashburn*, 25 F. 3d 980 (11th Cir. 1994).

The Plaintiff alleges that the Defendants opened "legal mail". This allegation is not true. The Alabama Department of Corrections established an administrative regulation to address incoming and outgoing inmate mail. The current regulation is AR 448, which was enacted on December 19, 2005 and supercedes Administrative Regulation 303. This regulation defines "legal mail" as "[l]etters to and from attorneys, courts, judges, clerks, and other officials of the courts and governmental agencies." The regulation states that "[a]ll 'Legal Mail' will be opened and inspected in the presence of the inmate." This regulation further states that the inspection of "[i]ncoming mail, including 'Legal Mail', shall be inspected for contraband and/or for abuse of the mail privilege. Outgoing mail may be inspected for contraband." (Defendants' Exhibit f – Administrative Regulation 448)

7

It should be noted that the Plaintiff is aware of the mail procedure since these procedures are stated in the Alabama Department of Corrections, Inmate Handbook. (Defendants' Exhibit g – Inmate Handbook, page 18, "Checking of Mail and Packages.")

In *Gardner v. Howard*, 109 F.3d 427, 429-430 (8th Cir. 1997), the Eighth Circuit held "[q]ualified immunity shields government officials from §1983 damage liability unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." (Citing *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)).  The United States Supreme Court considered the issue of incoming legal mail in *Wolff v. McDonnell*, 415 U.S. 539, 576-577 (1974).  The *Wolff* decision held "[w]e need not decide, however, which, if any, of the asserted rights are operative here, for the question is whether, assuming some constitutional right is implicated, it is infringed by the procedure now found acceptable by the State….we think that [the prison officials], by acceding to a rule whereby the inmate is present when mail from attorneys is inspected, have done all, and perhaps even more, than the Constitution requires." "The policy that incoming confidential legal mail should be opened in inmates' presence instead serves the prophylactic purpose of assuring them that confidential attorney-client mail has not been improperly read in the guise of searching for contraband." *Gardner* at 431; citing *Harrod v. Halford*, 773 F.2d 234 (8th Cir. 1985); *Morgan v. Montanye*, 516 F.2d 1367 (2nd Cir. 1975).

In the case at bar, the Plaintiff mailed a certified letter that the intended recipient, the Plaintiff's sister, did not accept.  The letter was mailed and was returned to sender due to refusal. There are several notice attempts listed on the envelope. (Defendants' Exhibit b, attachment 1) Once the letter returned to the correctional facility, Defendant Blakely opened the letter for

8

contraband since the letter was not "legal mail." (Defendants' Exhibit c) The Defendants have not violated any constitutional rights of the Plaintiff. The Defendants strictly adhered to the Administrative Regulation of the Alabama Department of Corrections and current law.

Wherefore these premises considered, the Defendants pray that this Honorable Court will find that the Plaintiff is not entitled to any relief and this complaint should be dismissed.

Respectfully submitted,

/s/ Kim T. Thomas
KIM T. THOMAS (THO115)
DEPUTY ATTORNEY GENERAL
GENERAL COUNSEL

/s/ Tara S. Knee
TARA S. KNEE (KNE003)
ASSISTANT ATTORNEY GENERAL
ASSISTANT GENERAL COUNSEL

**ADDRESS OF COUNSEL:**

**ALABAMA DEPARTMENT OF CORRECTIONS**
**LEGAL DIVISION**
**301 S. RIPLEY STREET**
**P.O. BOX 301501**
**MONTGOMERY, AL 36130**
**(334) 353-3881**

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was served upon:

    Patrick Smith
    AIS #207460
    Easterling Correctional Facility
    200 Wallace Drive
    Clio, AL 36017

by placing a copy of same in the United States Mail, first class postage prepaid and properly addressed this the 6th day of February, 2006.

    /s/ Tara S. Knee
    TARA S. KNEE (KNE003)
    ASSISTANT ATTORNEY GENERAL
    ASSISTANT GENERAL COUNSEL