IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PATRICK SMITH, #207460            )
                                  )
    Plaintiff,                    )
                                  )
Vs.                               )   CIVIL ACTION NO.2:05-CV-976-T
                                  )
GWENDOLYN MOSLEY, et.al.,         )
                                  )
    Defendants.                   )

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared <u>Gwendolyn Mosley,</u> who being known to me and being by me first duly sworn, deposes and says under oath as follows:

My name is <u>Gwendolyn Mosley</u> and I am presently employed as a <u>Correctional Warden III,</u> employed by the Department of Corrections, Easterling Correctional Facility, 200 Wallace Drive, Clio, AL 36017. I am over twenty-one (21) years of age.

Inmate Patrick Smith was assigned to Easterling Correctional Facility on June 17, 1999. According to the Mail Clerk, Ms. Sharon Blakely, inmate Smith had mailed a certified letter and it had not reached the destination. Later, inmate Smith informed her that his letter again had not reached the destination. Inmate Smith's letter returned back to Easterling Correctional Facility. Ms. Blakely took the number and address off of inmate Smith's certified letter to take to the United States Postal Service, but before she could talk to the Postal Service about inmate Smith's certified letter, the letter was returned back to Easterling Correctional Facility. Like all other incoming or returned mail, Ms. Blakely examines the letters for contraband. Legal mail is excluded. It has to be opened in the presence of the inmate. Due to inmate Smith's letter not


DEFENDANT'S EXHIBIT

Affidavit-Gwendolyn Mosley
Civil Action No.2:05-CV-976-T
Page 2

being addressed to an Attorney, Clerk of a Court, or any other Legal Agency, his letter was opened for examination.

According to Captain Kenneth Sconyers, inmate Smith insisted that the Mail Clerk, Ms. Blakely, never mailed the letter. Captain Sconyers advised inmate Smith that the letter was being returned to him and it was his option to keep or attempt to mail it again. Inmate Smith refused to accept custody of the letter and told Captain Sconyers to do what he wanted to do with it and threatened to initiate legal action.

Captain Sconyers instructed Officer Wayne Rodgers, Property Officer, in the presence of inmate Smith, to secure the letter in the Property Room. Inmate Smith was allowed the opportunity to receive the letter, mail it from the facility, or have it destroyed after thirty (30) days in accordance with our Property Room Procedures. The letter remains in the Property Room.

Inmate Smith's claim of tampering with legal mail and a cover-up is without merit.

_____
Gwendolyn Mosley

SWORN TO AND SUBSCRIBED TO before me this the 20th day of January, 2006.

_____
NOTARY PUBLIC

My Commission Expires: 7-15-07