


**BOB RILEY**
GOVERNOR

**State of Alabama**
**Alabama Department of Corrections**

301 S. Ripley Street
P. O. Box 301501
Montgomery, AL 36130

**DONAL CAMPBELL**
COMMISSIONER

December 19, 2005

ADMINISTRATIVE REGULATION
NUMBER                                  448

OPR: OPERATIONS

# INMATE MAIL

### I. GENERAL

This Alabama Department of Corrections (ADOC) Administrative Regulation (AR) establishes responsibilities, policies, and procedures for inmate mail.

### II. POLICY

It is the policy of the ADOC to allow inmate mail in accordance with the U.S. Postal Service regulations and the guidelines set forth in this regulation.

### III. DEFINITIONS

A. <u>Contraband</u>: Any item that is not permitted by law or is either prohibited or not specifically authorized by ADOC or institutional policy. Items not issued by the ADOC, not sold on the institutional canteen, or not specifically authorized by the Warden.

B. <u>Correspondence</u>: Written communication to or from inmates (e.g., letters, post cards, greeting cards) delivered by a postal service.

C. <u>Inmate Personal Property</u>: The items and amounts of clothing, equipment, mail, or supplies, which an inmate is allowed to have in his/her immediate possession.

D. <u>Mail</u>: For the purpose of this regulation, the term "mail" includes but is not limited to: items delivered by the U.S. Postal Service, inter-institutional mail, and any private carrier servicing the ADOC.

E. <u>Mail Clerk</u>: Staff member(s) assigned to the institutional mailroom.

F. <u>Printed Materials</u>: Books, publications, magazines, newspapers, periodicals, circulars, and catalogues delivered by the postal services.

G. <u>Legal Mail</u>: Letters to and from attorneys, courts, judges, clerks, and other officials of the courts and governmental agencies.


DEFENDANT'S EXHIBIT

H.     <u>Reasonable Suspicion</u>: Rational inference that a reasonably prudent person could make from specific objective facts.

I.     <u>Internet Materials</u>: Downloaded copy from a web site.

J.     <u>Religious Materials</u>: Books, pamphlets, brochures, and religious study courses.

K.     <u>Nudity</u>: A pictorial depiction where genitalia or female breasts are exposed. Publications containing nudity illustrative of medical, educational, or anthropological content may be excluded from this definition.

L.     <u>Sexually Explicit</u>: A picture/illustration of actual or simulated sexual intercourse, and/or oral sex, masturbation, or materials depicting sex.

## IV.     RESPONSIBILITIES

A.     The Warden shall be responsible for developing their institution/division Standard Operating Procedure (SOP) in accordance with AR 448, *Inmate Mail*.

B.     The Mail Clerk is responsible for the collection, inspection, and distribution of incoming/outgoing mail and for the maintenance of the mailroom records.

C.     The Chaplain or the Warden's designee is responsible for reviewing all mail entering the institution for an inmate that has been marked in care of the chaplain as it refers to religious materials.

## V.     PROCEDURES

A.     General Guidelines

        1.     The inmates shall be permitted to send and receive correspondence unless it can be determined that such correspondence may present a threat to the safety and security of the public, staff, inmates, and institution.

        2.     There is no limit on the volume of letters the inmate can send or receive, or on the language, content, or source of mail except when there is reasonable belief that limitation is necessary to protect the public safety or maintain institutional order.

        3.     The Warden shall designate a secure mail area and drop boxes for outgoing mail accessible to all inmates.

        4.     Mail between inmates, whether state, county, city, out-of-state or federal may be allowed with the permission of the Wardens involved. It must be shown that there is a close personal relationship (immediate family) between such inmates.

5. Mail and packages addressed to an inmate, who has been transferred or released to another known address, should be mailed to the inmate within 48 hours, excluding weekends and holidays.

   a. If a forwarding address is not available, such mail and packages shall be returned to the sender.

   b. If neither a forwarding or return address is available, the mail shall be returned to the post office.

6. All inmate mail shall remain under the supervision of staff until it is distributed. Inmates are not allowed in the mail area without supervision.

7. At no time shall mail be distributed or handled by an inmate or be accessible to any inmate other than the addressee.

8. A staff person shall deliver incoming mail to the inmate(s) to whom it is addressed.

B. Incoming Mail

   1. All incoming mail must be addressed so as to specify the inmate's name, inmate AIS number, and location within the institution.

   2. An inmate who has legally changed their name and chooses to use the legal name, then dual names are required in the following format: Commitment Name, AIS # XXXXXX, Legal Name. (See AR 450, *Legal Name Changes)*

   3. Promotional checks will not be accepted through the mail for deposit to inmate accounts.

   4. Correspondence, printed material, inmate personal property, or money will not be hand delivered to inmates by visitors. The Warden/designee may allow attorneys to hand deliver "Legal Mail" directly to the inmate, subject to being searched for contraband.

   5. Inmate will not receive mail stamped "Collect on Delivery (COD)."

C. Outgoing Mail

   1. All mail being sent from the institution must have a return address which will include: inmate's full name, inmate AIS number, name of institution, dorm/cell number, street address or P. O. Box number as appropriate, city, state, and zip code. Additionally, the following stamped disclaimer will be included on every piece of outgoing mail sent by inmates.

"This correspondence if forwarded from Alabama State Prison. The contents have not been evaluated, and the ADOC is not responsible for the substance or content of the enclosed communication."

2. An inmate who has legally changed their name and chooses to use the legal name, then dual names are required in the following format: Commitment Name, AIS # XXXXXX, Legal Name. (See AR 450, *Legal Name Changes*)

3. Designated staff should collect outgoing mail once each business day.

D. Legal Mail

1. Outgoing

a. Inmates will be provided two (2) free stamps per week for **legal mail** only.

b. Each Warden shall designate a box for "Legal Mail."

2. Incoming

a. A bound ledger shall be maintained by mailroom staff that lists each piece of legal mail received, the date inspected, delivered, and recipient's signature.

b. The inmate will sign for all "Legal Mail" prior to receipt.

c. All "Legal Mail" will be opened and inspected in the presence of the inmate.

E. Limitations

1. When abuses are found, the Warden may prohibit further correspondence by the inmate with the person to whom the offending material was directed.

2. When the Warden receives a request to terminate correspondence with an inmate, the Warden shall notify the inmate of the request and inform the inmate that further correspondence with the individual shall cease.

3. The Warden/designee will provide documentation that will be placed in the mail area and in the inmate's institutional file of persons with whom the inmate may no longer correspond.

F. Inspection

1. Incoming mail, including "Legal Mail", shall be inspected for contraband and/or for abuse of the mail privilege. Outgoing mail may be inspected for contraband.

2. All contraband will be disposed of in accordance with AR 306, *Contraband and Evidence Management*.

3. Every effort should be made to ensure that all incoming letters and packages are delivered within 72 hours after receipt at the institution, other than weekends and holidays. Inmates will be notified of rejected mail in accordance with procedures contained in V.G.

G. Rejection

1. In the event any incoming mail is rejected, the mail clerk will cite the policy violation and complete an ADOC Form 448, *Notification of Rejected Mail,* then forward to the inmate in a timely manner.

2. An inmate may appeal the rejection to the Warden/designee for review and final determination. (Refer to ADOC Form 448, *Notification of Rejected Mail*).

3. If the appeal is denied, the inmate will have the option of returning the mail to the sender at his/her own expense within 30 days, or the property will be destroyed at the end of the 30-day period.

4. Incoming mail may be determined to be a threat to the security of the institution and returned to the sender if, in the opinion of the Warden, it could reasonably be considered to:

   a. Be an attempt to incite violence based on race, religion, sex, creed, or nationality.

   b. Advocate, facilitate, or otherwise present a risk of lawlessness, violence, anarchy, and rebellion against government authority.

   c. Be an attempt to incite disobedience toward law enforcement officials or correctional staff.

   d. Be an attempt to give instructions for the manufacturing or use of intoxicants, weapons, explosives, drugs, drug paraphernalia, or other unlawful items or substance.

   e. Contain obscene photographs, pictures, or drawings, including publications and advertisements from distributors.

AR 448 – December 19, 2005

    f.    Contain plans to escape, unauthorized entry into the institution, or information or maps, which might aid an escape attempt.

    g.    Contain information relating to security threat group activity or use of codes and/or symbols associated with security threat groups.

    h.    Contain materials specifically found to be detrimental to inmate rehabilitation because it could encourage deviate criminal sexual behaviors.

    i.    Publications that contain, nudity, graphic depictions of homosexuality, sadomasochism, bestiality, incest, or sex with children will be denied.

    j.    Publications that primarily cover the activities of any sexual or political rights groups or organizations will normally be admitted.

    k.    Before delivery of a publication may be denied, the Warden/designee must review the particular publication in question and make a specific, factual determination that the publication is detrimental to prisoner rehabilitation because it would encourage deviate, criminal sexual behavior. It is not necessary to find that the particular recipient is likely to personally engage in such behavior before delivery can be denied.

5.    Abuse of mail privileges by inmates may result in rejection and possible disciplinary action. Abuses included but are not limited to the following:

    a.    The writing of letters containing obscene, profane, or indecent language.

    b.    Writings that contain threats, derogatory or personal attack against any person.

    c.    Writings that contain an escape plot or any other clear threats to the institution.

    d.    Receipt of mail, identified as legal mail, from any individual or agency not meeting the legal mail definition.

    e.    Writing which contain language purporting to solicit, claim, or demand money, goods, or services by false statements, threats, intimidation or extortion from another person or firm is prohibited.

    f.    Any written material in outgoing or incoming mail not specifically intended for the addressee identified on the exterior of the

envelope, i.e. sending mail with contents addressed to another party for forwarding which constitutes mail kiting.

H. Publications/Books

1. Inmates may receive no more than two books per month and four magazines or newspapers or a combination thereof. (Refer to AR 338, *Inmate Property*, for the number of items an inmate may have in his/her possession at one time.)

2. The publications should be received directly from the publisher or a recognized commercial distributor and be pre-paid from a family member or friend or from the inmate's Prisoners Money on Deposit Account (PMOD).

3. Receipt of publications by inmates in segregation will be determined by provision indicated in AR 433, *Administrative Segregation and Housing for Close or Maximum Custody*, and AR 434, *Disciplinary Segregation*.

4. Each Warden/designee shall personally inspect each issue of a publication when a reasonable expectation that the particular issue violates the standards of this regulation. If they determine that the issue of the publication violates these standards then they will temporarily exclude the publication.

5. The Warden/designee shall notify the inmate to whom the publication was addressed of the temporary ban.

6. If the inmate appeals the temporary ban, it will remain in effect pending a final resolution. Upon notice of the appeal, the Warden will furnish a copy of the documentation on the matter to the Commissioner/designee. This documentation will include copies of pages of the excluded issue that contain material that has been identified as violating the restrictions.

7. The Commissioner/designee will review the action taken by the institution to exclude that issue and either confirm or deny them. If the temporary ban is confirmed, the inmate, the Warden, and all other institutions will be notified, the issue is permanently banned, and the matter closed. The documentation supporting the ban will be retained by the Legal Division and at the institution.

8. If the temporary ban is denied, the publication will be given to the inmate and the entire matter dropped and all documentation destroyed.

9. The permanent ban of an issue of a publication may not be relied upon to support an exclusion of a subsequent issue. For example, if the January issue of XYZ magazine is permanently banned, this ban may not be used

        to justify an exclusion of the February issue of XYZ magazine. Each separate issue must be evaluated independently in accordance with this regulation.

    10.    Inmates will not be allowed to be members of, enter into contractual agreements with, or participate in book clubs.

I.   Packages

    1.    All religious materials such as books, pamphlets, brochures, and religious study courses shall be sent to the inmate in care of the Chaplain, and will be distributed by the Chaplain after approval and limits have been obtained from the Warden.

    2.    Authorized inmates will be allowed to purchase, from their PMOD accounts, arts and craft items through approved reputable suppliers.

    3.    Prior to Christmas, the Commissioner will publish instructions concerning the receipt of Christmas packages for inmates.

    4.    Criteria for an inmate to receive Christmas packages are as follows:

        a.    Inmates must have a four (4) month clear record prior to November 1st – no disciplinaries or behavior citations.

        b.    Inmates who receives one (1) formal or informal disciplinary in the months of November and December will not be eligible to receive a package.

        c.    Inmates found guilty of rules violations for indecent exposure/exhibitionism, assaults on staff, or other acts of violence of a serious nature will be restricted from receiving packages one year from the incident.

    5.    Incentive Packages will be accepted beginning May and September for one package per inmate from a person on the inmate's visitation/funds list. Packages postmarked after May 31 and September 30 will be returned to the sender C.O.D. Inmates must submit a request for an incentive package to the Warden/designee.

    6.    Criteria for an inmate to receive an incentive package are as follows:

        a.    Inmate must have six-month clear record-no disciplinaries or behavior citations.

        b.    Inmates found guilty of rules violations for indecent exposure/exhibitionism, assaults on staff, or other acts of violence

        of a serious nature will be restricted from receiving packages one year from the incident.

    c. Inmate should have two positive counselors/work reports within the six-month period preceding the package.

7. An inmate may mail outgoing packages. However, these packages will be inspected for unauthorized items prior to dispatch. The sender-inmate must provide postage and wrapping materials.

8. The Commissioner/designee may allow other packages as deemed appropriate.

## VI. DISPOSITION

Any forms used will be disposed of and retained according to the Departmental Records Disposition Authority (RDA).

## VII. FORMS

ADOC Form 448 – Notification of Rejected Mail

## VIII. SUPERCEDES

This regulation formally included in Administrative Regulation 303, dated May 30, 2000.

## IX. PERFORMANCE

ACA standards for Adult Correctional Institutions, fourth edition: 4-4487; 4-4490; 4-4491; 4-4492; 4-4494; 4-4496

_____
Donal Campbell, Commissioner

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

**Notification of Rejected Mail**

From: _____   Date: _____
                Institutional Mail Room

To: Inmate _____  AIS#: _____

   Cell/Dorm: _____  Bed #: _____

Correspondence From: _____

Date received at this Institution: _____

Is being returned to sender due to the following reason(s): _____
_____
_____

The inmate has the option to return mail to sender at his/her own expense within thirty (30) days or the property will be destroyed.

The inmate has seventy-two (72) hours from the above date to appeal this return. State your reason(s) for appealing in writing below and return this form to the Warden/designee:

_____
_____
_____
_____
_____
_____

                       _____/_____
                                Inmate Signature                           AIS#

                       _____
                                Date

**Appeal/Denied**                                      **Appeal/Upheld**


_____          _____
Printed Name                                           Printed Name

_____          _____
Authorized Signature                                   Authorized Signature

_____          _____
Date returned to sender                                Date returned to inmate

                                          **ADOC Form 448 – December 19, 2005**
                                          AR 448 – December 19, 2005