IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PATRICK SMITH, #207460 )
)
v. ) CIVIL ACTION NO. 2:05-CV-976-WKW
) [WO]
)
GWENDOLYN C. MOSLEY, et al., )
)
Defendants. )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 42 U.S.C. § 1983 complaint filed by Patrick Smith ["Smith"], a state inmate, on October 12, 2005. The defendants filed a written report in compliance with the orders of this court in which they addressed Smith's claims for relief. Specifically, the defendants submitted relevant evidentiary materials that refuted the allegations presented in the instant cause of action. The court thereafter issued an order directing Smith to file a response to the written reports. *See Order of February 10, 2006 - Court Doc. No. 17*. The order advised Smith that his failure to respond to the defendants' written report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. The time allotted Smith for filing a response to this order expired on March 2, 2006. As of the present date, Smith has filed nothing in opposition to the

defendants' written report as required by the orders of this court. In light of the foregoing, the court concludes that this case should be dismissed.

The court has reviewed the file in this case to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action. Smith is an indigent state inmate. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Smith has exhibited a lack of respect for this court and its authority as he has failed to comply with the directives of the orders entered in this case. It is therefore apparent that any additional effort by this court to secure Smith's compliance would be unavailing. Moreover, the response and undisputed evidentiary materials filed by the defendants indicate that Smith is not entitled to any relief in this cause of action. Consequently, the court concludes that Smith's abandonment of his claims, his failure to comply with the orders of this court and his failure to prosecute this cause of action warrant dismissal of this case.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice. It is further

ORDERED that on or before March 27, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 14th day of March, 2006.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE